# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| QUARTEZ J. GARY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:18-cv-02618-TLP-tmp |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| GAIL NICHOLS and | ) | |
| GEORGE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Plaintiff Quartez J. Gary, who is incarcerated at the Shelby County Jail in Memphis, Tennessee, sued pro se and moved to proceed in forma pauperis. (ECF No. 1; ECF No. 2.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 4.) The Court ORDERS the Clerk to record the Defendants as Deputy Sheriff Gail Nichols and Deputy Sheriff George Smith.

## BACKGROUND

Plaintiff alleges that during a state-court appearance, the judge used "the wrong name" to refer to Plaintiff. (ECF No. 1 at PageID 3.) When the judge asked Plaintiff for his name, Plaintiff responded "that he was the secured Party creditor with the Power of attorney in fact and the copyright and Trademark for the name that he was addressed as and also that he explicitly reserved all his rights under the Uniform Commercial Code." (*Id.*) The judge cut off Plaintiff

and ordered Deputies Nichols and Smith to remove Plaintiff from the courtroom. (*Id.* at PageID 4.) Plaintiff alleges the Deputies used "brute force" to remove him, despite his warning "that they were acting under the color of law against a sovereign Political Power Holder." (*Id.*) Plaintiff accuses them of assault and asserts that they conspired with the judge "to deprive him of all his rights." (*Id.*) He also asserts that the judge violated his right to due process and caused him extreme emotional distress. (*Id.* at PageID 5.)

Plaintiff sues Defendants in their individual and official capacities. (ECF No. 1 at PageID 1.) He seeks a court order "directing the Shelby County Sheriff Office to implement a disciplinary system to punish those who continue to engage in" actions like those alleged here and $5 million each in compensatory and punitive damages. (*Id.* at PageID 6.)

## **LEGAL STANDARDS**

### I. Screening Requirements Under 28 U.S.C. § 1915A

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and

then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. And Federal Rule of Civil Procedure 8 provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will give slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

### III. Requirements to State a Claim Under 42 U.S.C. §§ 1985 and 1988

Plaintiff also sues under 42 U.S.C. §§ 1985(2) and 1988. Section 1985(2) contains two separate clauses. The first "forbids a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal court, or influencing or punishing federal jurors." *Warner v. Greenebaum, Doll & McDonald*, 104 F. App'x 493, 497 (6th Cir. 2004). The second clause "applies to conspiracies to obstruct the course of justice in state courts." *Bragg v. Madison*, 20 F. App'x 278, 285 (6th Cir. 2001) (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983)).

As for Section 1988, it merely discusses the applicability of laws and awarding of attorney's and expert's fees in proceedings under 42 U.S.C. §§ 1981 through 1986. It does not provide a separate cause of action.

## ANALYSIS

### I. Plaintiff Does Not State A Claim Against the Defendants in Their Official Capacities

Plaintiff's claims against the Defendants in their official capacities are construed as claims against Shelby County. But the complaint does not state a valid § 1983 claim against Shelby County. A local government such as a municipality or county are not "liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*,

4

436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Plaintiff does not describe any municipal policy or custom in place or allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County.

## II. Plaintiff's Claim of Excessive Force is Barred

Plaintiff alleges that the Deputies assaulted him with "brute force" when removing him from the courtroom. The Court construes these allegations as a claim that the Deputies used excessive force against Plaintiff. At the time of the alleged assault, as a pretrial detainee, Plaintiff was protected against excessive force by the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Courts analyze excessive force claims brought by pretrial detainees under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). To apply this standard properly, the Court must consider these factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but shows some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

5

Plaintiff does not state a claim of excessive force here. Plaintiff alleges that the Deputies responded to an order from the judge to remove Plaintiff from the courtroom. His allegations do not suggest the Defendants acted unreasonably in following that order. And the use of what Plaintiff describes as "brute force" to remove him from the courtroom is reasonable if he does not want to go. This is especially true because he does not allege that he suffered any physical injury. Plaintiff alleges that he suffered only "emotional distress" during this event. The PLRA bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 626 (6th Cir. 2011). Plaintiff's excessive force claim is therefore DISMISSED.

## III.    Plaintiff Does Not Sufficiently Allege A Claim of Conspiracy Under § 1985(2)

Plaintiff alleges that the Deputies conspired with the judge to deprive him of his rights during his court appearance. He purports to assert this claim under 42 U.S.C. § 1985(2). The first clause of § 1985 applies only to federal judicial proceedings, so it does not apply here. *See Warner*, 104 F. App'x at 497. The second clause of § 1985 "prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006). Under the second clause, Plaintiff "must allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Kush*, 460 U.S. at 726).

Plaintiff does not allege that there was any racial or class-based animus behind Defendants' actions. Nor does he allege that the Defendants intended to deprive Plaintiff of his right to equal protection. The Court need not accept as true Plaintiff's unsupported conclusion

6

that the judge's order to remove Plaintiff, and Defendants' actions in following that order, constituted a "conspiracy." *See Iqbal*, 556 U.S. at 679. Plaintiff thus fails to state a claim under either section of § 1985 on which relief can be granted. So that cause of action is also DISMISSED.

IV.     **Plaintiff Does Not State A Claim That He Was Denied Due Process**

Plaintiff alleges that the Deputies violated his right to due process under the Fourteenth Amendment "by depriving him of his property without a fair Procedure in his Court Proceeding." (ECF No. 1 at PageID 5.) Plaintiff does not explain or describe any property of which the Defendants deprived him or which the Defendants took. If he claims he was denied the right to be present during the motion hearing, there is no such unfettered right. *See Terry v. Cross*, 112 F. Supp. 2d 543, 551 (E.D. Va. 2000) (citing *United States v. Lynch*, 132 F.2d 111, 112 (3d Cir. 1942) (explaining that the due-process right "to be present at all stages of the trial . . . has not been extended to include a right to be present at all motions hearings before the trial." (internal quotation and citation omitted)). Plaintiff does not describe the motions hearing or allege that not being present at the hearing affected his "opportunity to defend himself against the charges." *Id.* (quoting *Kentucky v. Stincer*, 482 U.S. 730, 744 (1987)). He therefore fails to state a claim that he was denied due process by being removed from the courtroom during the motions hearing.

All in all, Plaintiff's complaint fails to state a claim for relief and is dismissed.

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam)

("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). And so this Court holds that leave to amend is not warranted here because these claims are baseless, and no amendment could cure the deficiencies.

## APPELLATE ISSUES

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff here would be taken in good faith. The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has enough merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

This Court therefore CERTIFIES, under 28 U.S.C. § 1915(a)(3), that any appeal by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is thus DENIED. And so if Plaintiff appeals, he must pay the full $505 appellate filing fee or move for

leave to appeal in forma pauperis and file a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good-faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal with the Sixth Circuit.

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). And leave to amend is DENIED. Because all the federal claims are being dismissed, the Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law. Those state law

---

[1] *See Gary v. Timmerman*, No. 2:18-cv-02683-MSN-tmp (W.D. Tenn. July 24, 2019) (dismissing for failure to state a claim).

claims are DISMISSED without prejudice to refiling under 28 U.S.C. § 1367(c)(3). The Court also CERTIFIES that any appeal here would not be taken in good faith and DENIES Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 20th day of August, 2019.

  s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE